ISAAC B. MULFORD ET AL. v. JOHN C. STRATTON AND WILLIAM H. STRATTON.

1. An affidavit on which a judgment is entered on bond and warrant of attorney, is sufficient in form in stating that the debt for which it is confessed is justly and honestly due, instead of "due and owing," in the words of the statute, when a present indebtedness is shown.

Mulford v. Stratton.

2. Where facts are proven, showing fraud in entering the judgment, the court will control and vacate it as against an administrator, and creditors represented by him, who have been hindered thereby in the collection of their claims, although the judgment has been assigned.

On rule to show cause why a judgment by confession on bond and warrant of attorney should not be set aside and vacated.

Argued at June Term, 1879, before Justices SCUDDER, KNAPP and REED.

For the motion, *Potter & Nixon.*

*Contra, J. R. Hoagland.*

The opinion of the court was delivered by

SCUDDER, J.  On May 12th, 1870, a judgment was entered in this court upon a bond and warrant of attorney, given by Eli Stratton to his son, John C. Stratton, for the sum of $10,000, the penalty of the bond.  Eli Stratton died March 5th, 1876.  His son, John C. Stratton, and his widow, Ann Stratton, were appointed to administer his estate, which was afterwards decreed to be insolvent.  His property consisted of stock in a livery stable, which was sold for about $2200, and a small tract of woodland valued at $300.  This judgment was assigned to William H. Stratton, a brother of John C. Stratton, January 26th, 1877, and the assignment recorded September 16th, 1878.

November 2d, 1878, Ann Stratton and John C. Stratton were removed by the Orphans' Court of Cumberland county, on good cause shown, from the administration of this estate, and Isaac B. Mulford appointed as administrator.  An attempt was made, by the consent of creditors, in March, 1877, to sell the livery stable property to John C. Stratton, but it failed to accomplish a valid and satisfactory sale, and the property was afterwards retransferred to Isaac B. Mulford, who sold it for the benefit of the creditors.

Mulford v. Stratton.

The application to set aside this judgment is made by Isaac B. Mulford, administrator, in behalf of the creditors of the estate of Eli Stratton, deceased. .

The affidavit on which the judgment is entered is sufficient in form in stating that the debt for which it was confessed is justly and honestly due, instead of "due and owing," in the words of the statute, where a present indebtedness is shown, under the authority of *Reading* v. *Reading*, 4 *Zab.* 358; *Clapp* v. *Ely*, 3 *Dutcher* 555, and cases there cited.

But upon the facts appearing in the affidavits taken on this rule, this judgment is fraudulent against creditors. It was given at a time when one of his creditors, Richard S. Ireland, was pressing him for the payment of a debt, and an arbitration was pending between them. A few days after he was called upon to pay the award of $290, the judgment was confessed for this large sum, and used to defeat the recovery of Leonard's claim, which was never paid. Eli Stratton continued in the possession and use of the livery stable until his death, and John C. Stratton, his son, remained in his employment up to that time, holding the creditors in check by this judgment.

The affidavit on entering the judgment, in stating the consideration, says that the true consideration was the sum of $2000, lent and advanced by the deponent to the said Eli Stratton, at his request, and the balance for work and labor done and performed by the deponent for said Stratton, at his request. He was afterwards examined on this rule, and only specifies the sum of $250 that he loaned to his father, at the time of taking the judgment, for the purpose of paying the award in favor of Richard S Ireland, which Ireland testifies has never been paid. Besides this, he says generally that after this judgment was given, and prior to his father's death, he was frequently called on to go security for his father; that "people said they were not willing to take him after they found how the business was, unless he would sign his name to the paper." It nowhere appears how or when the sum of $2000, named in the affidavit made at the time of the entry

of judgment, was lent and advanced; nor is any specification given of the work and labor done and performed. Opposed to the lending of this large sum of money, is the testimony of witnesses who say that John was in no business, and not known to have any money or property. Several witnesses also testify to conversations with the father and son, in which it was said that the judgment was of no account, and had been settled long ago. On the rule taken to bar creditors, this judgment debt was not presented to the administrators, and when Ann Stratton and John C. Stratton reported to the court, as administrators, the claims and demands against the estate of Eli Stratton, a list of creditors' names was given, with the amount due each, but this debt is not reported, and neither the name of John C. Stratton or William H. Stratton appears in any of the proceedings, agreements or papers in this case, as a creditor of the estate of Eli Stratton. The only reasonable explanation of this silence is that this judgment had served its purpose of keeping the father's creditors silent until his death, and was, as John said, " of no account." If there was no consideration, and the judgment was a fraud on creditors, then William H. Stratton took nothing by the assignment of the judgment, and the judgment is not valid in his hands.

The rule will be made absolute to vacate the judgment as against the administrator, and the creditors whom he represents.